UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ELVIN DUME RIVERA, et al., ) | |
| ) | |
| Petitioners, ) | |
| ) | Civil Action No. |
| v. ) | 25-12833-FDS |
| ) | |
| PATRICIA HYDE, et al., ) | |
| ) | |
| ) | |
| Respondents. ) | |

### ORDER CONCERNING STAY OF TRANSFER OR REMOVAL

**SAYLOR, J.**

Petitioners Elvin Dume Rivera, Yunior Gomez Gomez, Darlin Uceta Santana, and Fidel Ayala Orellana, immigration detainees being held at the Plymouth County Correctional Facility, have filed, through counsel, a group petition for a writ of habeas corpus. The petition names Patricia Hyde, Acting Field Office Director, Boston Field Office, U.S. Immigration and Customs Enforcement; Antone Moniz, Superintendent, Plymouth County Correctional Facility; Michael Krol, New England Special Agent in Charge, Homeland Security Investigations; Todd Lyons, Acting Director, U.S. Immigration and Customs Enforcement; Kristi Noem, Secretary, U.S. Department of Homeland Security; and Pamela Bondi, U.S. Attorney General, as respondents. Upon review of the petition, the Court hereby ORDERS as follows:

1. On October 8, 2025, respondents filed an abbreviated response to the petition. In light of the case's reassignment to this session, respondents shall have until Thursday, October 16, 2025, to provide a supplemental response.

2. Although a United States District Court does not generally have subject-matter

jurisdiction to review orders of removal, *see* 8 U.S.C. § 1252(a)(l), (g), it does generally have jurisdiction over habeas petitions, *see* 28 U.S.C. § 2241(a).  Furthermore, a federal court "always has jurisdiction to determine its own jurisdiction," including its own subject-matter jurisdiction. *Brownback v. King*, 592 U.S. 209, 218-19 (2021) (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2002)).  To give the Court an opportunity to consider whether it has subject-matter jurisdiction, and if so to determine the validity of the habeas petition, the court may order respondents to preserve the status quo.  *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) (noting that "the District Court ha[s] the power to preserve existing conditions while it [is] determining its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous).  Such an order is valid unless and until it is overturned, even when the issuing court lacks subject-matter jurisdiction to determine the merits of the underlying action.  *See id.* at 294-95 (upholding criminal contempt convictions for violations of a preliminary injunction, assuming the District Court had no jurisdiction to decide the underlying matter).  This principle applies with even greater force where the action the court enjoins would otherwise destroy its jurisdiction or moot the case.  *See United States v. Shipp*, 203 U.S. 563, 573 (1906).

      3.  Accordingly, and unless otherwise ordered by the Court, petitioners shall not be moved outside the District of Massachusetts without first providing advance notice of the intended move.  Such notice shall be filed in writing on the docket in this proceeding, and shall state the reason why the government believes that such a movement is necessary and should not be stayed pending further court proceedings.  Once that notice has been docketed, the petitioners shall not be moved out of the District for a period of at least 72 hours from the time of that docketing.  If the 72-hour notice period "would end on a Saturday, Sunday, or legal holiday, the

period continues to run until the same time on the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(2)(C).  The time period may be shortened or extended as may be appropriate by further order of the Court.

**So Ordered.**

Dated:  October 9, 2025

/s/  F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Court Judge