UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ELVIN DUME RIVERA, et al., | ) ) | |
| Petitioners, | ) ) ) | Civil Action No. |
| v. | ) ) | 25-12833-FDS |
| ANTONE MONIZ, | ) ) ) | |
| Respondent. | ) ) | |

**MEMORANDUM AND ORDER ON**
**GROUP PETITION FOR WRIT OF HABEAS CORPUS**

**SAYLOR, J.**

This is a group habeas petition concerning the government's authority to detain non-citizens pending the conclusion of removal proceedings.[1] Petitioners are four non-citizens who entered the United States unlawfully at various times between 2020 and 2024. They were encountered by government agents, detained, released, and placed into removal proceedings under 8 U.S.C. § 1229a.

At various times in June and August 2025, ICE arrested petitioners. An Immigration Judge then ordered each released on bond. In each case, DHS appealed to the Board of Immigration Appeals on the ground that the petitioner was subject to mandatory detention under

---

[1] The petition names Patricia Hyde, Acting Field Office Director, Boston Field Office, U.S. Immigration and Customs Enforcement; Antone Moniz, Superintendent, Plymouth County Correctional Facility; Michael Krol, New England Special Agent in Charge, Homeland Security Investigations; Todd Lyons, Acting Director, U.S. Immigration and Customs Enforcement; Kristi Noem, Secretary, U.S. Department of Homeland Security; and Pamela Bondi, U.S. Attorney General, as respondents. Superintendent Moniz, "as the person who has custody over [the petitioners]," is the only proper respondent. *See* 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[I]n habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."). The Court will therefore dismiss the claims against the other respondents.

8 U.S.C. § 1225(b)(2).  Those appeals triggered an automatic stay of the release orders, and petitioners thus remain in custody.  Petitioners contend they are held under § 1226(a) and their continued detention violates the Immigration and Nationality Act as well as their procedural and substantive due-process rights, and that the automatic stay provision is *ultra vires*.

To be clear, this Court is without the authority to determine whether petitioners should be removed from the United States; that is a matter for the immigration courts.  Nonetheless, and for the reasons that follow, the Court agrees that petitioners are being detained without lawful authority pending the conclusion of their removal proceedings, and therefore will order their release once they have posted the bonds required by the Immigration Judge.

**I.**     **Background**

Elvin Dume Rivera, a Dominican Republic national, entered the United States unlawfully in March 2024.  (Group Pet. Writ Habeas Corpus ["Group Pet."] ¶ 25, Dkt. No. 1).  He was detained, released on his own recognizance under 8 U.S.C. § 1226, and placed in removal proceedings under § 1229a.  (*Id.*; *see id.* Ex. 4 at 1-2).

ICE took Dume Rivera into custody in June 2025.  (*Id.* ¶ 26).  He requested a bond hearing, and, on July 17, 2025, an Immigration Judge ordered his release on a $3,500 bond.  (*Id.* ¶ 27; *see id.* Ex. 3 at 1).  DHS appealed to the Board of Immigration Appeals, which triggered an automatic stay under 8 C.F.R. § 1003.19(i)(2).  (*Id.* ¶ 13; *see id.* Ex. 1 at 1; *id.* Ex. 2 at 1).

Yunior Gomez Gomez, a Venezuelan national, entered the United States unlawfully in November 2023.  (*Id.* ¶ 28).  He was detained, released on his own recognizance under 8 U.S.C. § 1226, and placed in removal proceedings under § 1229a.  (*Id.*; *see id.* Ex. 4 at 3-4).

ICE took Gomez Gomez into custody in June 2025.  (*Id.* ¶ 29).  He requested a bond hearing, and, on July 17, 2025, an Immigration Judge ordered his release on a $3,000 bond.  (*Id.*

¶ 30; *see id.* Ex. 3 at 3).  DHS appealed and his release was automatically stayed.  (*Id.* ¶ 14; *see id.* Ex. 1 at 2; *id.* Ex. 2 at 4).

Darlin Uceta Santana, a Dominican Republic national, entered the United States unlawfully in July 2023.  (*Id.* ¶ 31).  He was detained, released on his own recognizance under 8 U.S.C. § 1226, and placed in removal proceedings under § 1229a.  (*Id.*; *see id.* Ex. 4 at 5-6).

ICE took Uceta Santana into custody in June 2025.  (*Id.* ¶ 32).  He requested a bond hearing, and, on August 11, 2025, an Immigration Judge ordered his release on a $10,000 bond.  (*Id.* ¶ 33; *see id.* Ex. 3 at 5).  DHS appealed and his release was automatically stayed.  (*Id.* ¶ 15; *see id.* Ex. 1 at 3; *id.* Ex. 2 at 6).

Fidel Ayala Orellana, a Salvadorean national, entered the United States unlawfully in February 2020 as an unaccompanied minor.  (*Id.* ¶ 34).  He was detained, released by the Office of Refugee Resettlement, and placed in removal proceedings under § 1229a.  (*Id.*; *see id.* Ex. 4 at 7-8).

ICE took Ayala Orellana into custody in August 2025.  (*Id.* ¶ 35).  He requested a bond hearing, and, on August 11, 2025, an Immigration Judge ordered him released on a $5,000 bond.  (*Id.* ¶ 36; *see id.* Ex. 3 at 7).  DHS appealed and his release was automatically stayed.  (*Id.* ¶ 16; *see id.* Ex. 1 at 4; *id.* Ex. 2 at 8).

At each of the bond hearings, the government contended that petitioners are subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  (*Id.* ¶ 37).  DHS also asserted that position on appeal to the Board of Immigration Appeals.  (*Id.* ¶ 4).  Petitioners remain in custody at Plymouth County Correctional Facility pending appeal.  (*Id.* ¶ 1).

Petitioners filed a group petition for habeas corpus pursuant to 28 U.S.C. § 2241 on September 30, 2025.  They designated the petition as "related" to *Sampiao v. Hyde*, 25-cv-

11981, and it was accordingly assigned to the same session as that case under the Local Rules. (Group Pet. Ex. 7). The government subsequently objected that the "related" designation was improper. (Resp'ts' Abbreviated Resp. to Group Pet. Writ Habeas Corpus [Respt's' Abbreviated Resp.] at 3-4, Dkt. No. 7). Judge Kobick agreed with the government and ordered the case re-drawn. (Electronic Order, Dkt. No. 8). It was then reassigned to the undersigned judge.

## II. Analysis

In its initial response to the petition, the government "concede[d] that this case is materially indistinguishable from" *Sampiao v. Hyde*, 2025 WL 2607924 (D. Mass. Sept. 9, 2025), and, "[s]hould the [c]ourt apply the reasoning of *Sampiao*, it would reach the same result here." (Resp'ts' Abbreviated Resp. at 4). Because this Court agrees with the well-reasoned decision in *Sampiao*, it will reach a similar result.

For the reasons discussed in *Sampiao*, as well as those in the Court's decision in *De Andrade v. Moniz*, 2025 WL 2841844 (D. Mass. Oct. 7, 2025), and those of many other courts across the country, *Rodriguez v. Bostock*, 2025 WL 2782499, at *1 & n.3 (W.D. Wash. Sept. 30, 2025) (collecting cases), petitioners who are detained under 8 U.S.C. § 1226(a) are not subject to the mandatory detention provisions of 8 U.S.C.§ 1225(b)(2). Because petitioners are not applicants for admission under § 1225 and because they reside in the United States, they are entitled to due-process protections. *See Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("But once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent.").[2] Because the application of the three-part balancing test

---

[2] The government cites the cases collected by *Benito Vasquez v. Moniz*, 2025 WL 1737216 (D. Mass. June 23, 2025), for the proposition that "[i]n the context of immigration detention, procedural due process requires that a detained alien be afforded only those rights provided by statute and regulations thereunder." (Resp'ts' Suppl. Resp. to Pet. Writ Habeas Corpus at 6, Dkt. No 11 (quoting *Benito Vasquez*, 2025 WL 1737216, at *1)). These

4

in *Matthews v. Eldridge*, 424 U.S. 319 (1976), favors petitioners, their continued detention under the automatic stay regulation, 8 C.F.R. § 1003.19(i)(2), violates their procedural due-process rights. *See Sampiao*, 2025 WL 2607924, at *9-12. And because petitioners' detention is unlawful, they are entitled to immediate release. Accordingly, the Court does not reach petitioners' substantive due process, *ultra vires*, and statutory claims. Again, the Court cannot, and does not, resolve the issue of whether petitioners should be removed from the United States.

### III.  Conclusion and Order

Accordingly, and for the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is GRANTED. Respondent Antone Moniz, the warden of the Plymouth County Correctional Facility, is hereby ORDERED to release each of the petitioners from custody immediately upon posting of the bond ordered by the Immigration Judge, with no additional conditions beyond those imposed by the Immigration Judge in petitioners' respective bond orders. The claims against defendants Patricia Hyde, Michael Krol, Todd Lyons, Kristi L. Noem, and Pamela Bondi are DISMISSED.

**So Ordered.**

Dated:  October 16, 2025

/s/  F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

---

precedents, however, make clear that an "applicant for admission" under § 1225 "has only those rights regarding admission that Congress has provided by statute." *Department of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020). In contrast, one who is not an "applicant"—that is, one who has "effected an entry," as petitioners have—has full due-process rights. *Zadvydas*, 533 U.S. at 693.